## DIVISION OF ESTATE POSTPONED UNTIL DEATH OF WIDOW.

### Circuit Court of Summit County.

The Peoples Savings Bank Co. v. Omar N. Gardner et al.

Decided, April 17, 1908.

*Testamentary Trust—Trustee Instead of Administrator to Administer— No Division of Estate Until Time Mentioned in Will.*

1. Under a will creating a trust for the testator's widow's life in property devised to a son and daughter, and directing "the same to be parted and divided between them share and share alike as they may agree; said division not to be made until after the decease of my said wife Matilda but the property to remain intact until that event, and until then the rents of the real property shall go into my estate for the purpose of paying the eight hundred dollars per year to my said wife," etc., "and in case either my son or daughter should die before a division of my estate, leaving no heir or heirs, that in that case the whole of said property shall go to the survivor of them," unless all the beneficiaries of the trust consent, it is beyond the power of the parties

or of the court to enforce a division of the estate until after the widow's death.

2. A trustee, *eo nomine*, should be appointed to administer the trust created under such a will, but an administration *de bonis non* will include the administration of the testamentary trust, until a trustee for the purpose is appointed.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is a creditors' bill to subject Omar N. Gardner's interest in his father's estate under the latter's will, which devised the homestead and contents to his wife, and the remaining property to his son and daughter to life annuities of $800 to his wife and $500 to a former divorced wife.

The testator died in 1873, leaving his widow, who still survives; his son Omar, who, having become involved has recently disappeared, his daughter who afterwards died, leaving a family, and his divorced wife, who is also now deceased. The estate disposed of by the will consisted, besides the property specifically given to the widow, of several parcels of real estate in the city of Akron, in some of which, however, the executor, David Hanscom, had a half interest that was subsequently served in a partition suit brought for the purpose. The decree in that proceeding set off one of said parcels to the testator's two children jointly, subject to the annuity lien provided by the will.

Hanscom had conducted the administration until the son's majority, as provided by the will; thereupon he resigned, and, the estate being then still unsettled, the son was appointed administrator *de bonis non* with the will annexed. He rendered his final account in 1877, but continued to manage the property for the family, paying his mother's annuity, for thirty years thereafter. In 1907, he was removed as administrator and William Irvin appointed in his stead.

The court below appointed a receiver in this action at the instance of Omar N. Gardner's creditors, plaintiffs and cross-petitioners herein; but his father's administrator and widow contend that under the will the property must be kept intact and managed under the oversight of the probate court as long as she lives.

As we construe the will, it creates a trust for the widow's life in the property devised to the children, directing "the same to be parted and divided between them share and share alike as they may agree; said division not to be made until after the decease of my said wife, Matilda, but the property to remain intact until that event, and until then the rents of the real property shall go into my estate for the purpose of paying the eight hundred dollars per year to my said wife, * * * and in case either my son or daughter should die before a division of my estate, leaving no heir or heirs, that in that case the whole of said property shall go to the survivor of them."

Unless all the beneficiaries of this trust consent, it is thus put beyond the power of the parties or of a court of equity to enforce a division of the estate until after the widow's death. If the ordinary administration is complete, as the evidence shows it is, it becomes the duty of the probate court, upon application under Section 5986, Revised Statutes, to appoint a trustee to execute the trust so created by the will, for want of an appointment in the will itself. A trusteeship *eo nomine* and not administration *de bonis non,* is what the statute contemplates under these circumstances. But the appointment actually made by the probate court of an administrator *de bonis non* will also include the administration of the testamentary trust as specially created by the will, unless upon application there made the more appropriate appointment of a trustee for that purpose be substituted therefor (*Matthews, Admr.,* v. *Meek*, 23 O. S., 272, 289). Such trustee has under the statute exclusive control of the property subject to the supervision of the court appointing him. The most we can do here is to enter a decree that the interest of Omar N. Gardner in said trust be subjected to the payment of his debts. His mere equity might be sold, if it would benefit the creditors here to do so; but as such sale would not divest the trustee of his possession and control of the property, we can see no advantage to them from such a course, especially as that equity may never mature into a legal estate; for if Omar N. Gardner should die without issue before his mother's death, it is at least doubtful whether his interest in the property would not then pass to his sister's heirs, if any. We might also, if

however, the creditors desire, continue the receivership, limiting the receiver's authority to the collection by him from the trustee, of Omar N. Gardner's share of the rents and profits of his father's estate as they accrue from year to year. This, we take it, would also be a most wasteful proceeding. The simplest solution as it seems to us, is so to mould our decree as to ascertain and declare the interests of the plaintiffs in Omar's present equity and contingent remainder in his father's real estate so that they may be duly recognized by the trustee as long as the trust continues, and be properly taken care of in the partition of the estate when the widow dies.

What has thus far been said applies to all the property except the first parcel described in the petition. We have given careful consideration to the contention that as regards all of the real estate the parties are bound to a contrary interpretation of the will by the actual setting off to the children of a legal estate in this one parcel which was the subject of the Hanscom partition proceedings; but we do not subscribe to that view. They were bound by that proceeding with respect only to the land then in controversy, and may well decline to acquiesce in further division of the estate. The court's decision must be construed to have proceeded not upon the construction of the will, but upon the tacit consent to the decree then entered, so far only as it concerned the subject-matter of that action. Such consent was given by all the *cestuis que trustent* under the elder Gardner's will, for they were all parties to that action, and the decree is conclusive and binding upon everybody so far as that one parcel is concerned.

Omar N. Gardner's thirty years' management of the remaining property is not conclusive of his mother's rights here; for its import, so far as the widow is concerned, is at most equivocal. She received her annuity from the one who had been duly appointed administrator with the will annexed; and her conduct in that behalf so far from indicating that she looked to him personally instead of officially, apparently indicates the contrary.

The creditors may take a decree ascertaining their interests and their succession, so far forth, to the rights of Omar N. Gardner in his father's estate. The decree may also provide

for a sale of Omar N. Gardner's interest in the parcel of land aparted to him and his sister jointly in the Hanscom partition proceeding, subject, of course, to the lien of the widow's annuity. The costs are adjudged against Omar N. Gardner.